IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD RICHARD, ) | |
| ID # 13068399, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:13-CV-4803-P-BH |
| ) | |
| CRAIG WATKINS, District Attorney, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On December 9, 2013, the plaintiff filed this action against the defendant. (*See* doc. 3.) On December 12, 2013, the Court issued a *Notice of Deficiency and Order* notifying him that his application to proceed *in forma pauperis* (IFP) did not contain a properly signed certificate of inmate trust account. (*See* doc. 5.) He was ordered to submit a certificate of inmate trust account within 30 days and specifically advised that failure to do so could result in dismissal of his case for failure to prosecute. *Id.* More than 30 days from the date of the notice of deficiency have passed, but the plaintiff has not submitted a properly signed certificate of inmate trust account or filed anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent

power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to file a properly signed certificate of inmate trust account as ordered. He has not filed anything else or otherwise shown that he intends to proceed with this case in federal court, so it should be dismissed.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a properly signed certificate of inmate trust account within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 24th day of January, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2